14 So.2d 515

## WOODMEN OF THE WORLD LIFE INS. SOC. v. BARFOOT.

3 Div. 390.

Supreme Court of Alabama.

June 30, 1943.

Ballard & Ballard, of Montgomery, for appellant.

L. A. Sanderson, of Montgomery, for appellee.

LIVINGSTON, Justice.

Suit on two policies of insurance whereby appellant, defendant in the court below, insured appellee against becoming permanently, totally, continuously and wholly disabled to work at any gainful occupation while younger than sixty years of age. There was judgment for plaintiff on both policies.

The only error assigned is predicated upon the refusal of the general charge for defendant as to both policies.

The constitution, laws and by-laws of the appellant society are incorporated in and made a part of the policies sued on.

In short, the defense interposed was that neither policy was in force and effect because the assessments, premiums or dues thereon for the month of July 1940 were not paid on or before the last day of that month. The constitution, laws and by-laws providing that a member is required to pay one monthly installment of assessments each month, and that if he fails to pay said monthly installment of assessments on or before the last day of the month in which it becomes due, the member thereby becomes suspended and his certificate becomes null and void. Reinstatement provisions of the policies are not here pertinent, and the sole question presented by the record is whether there was evidence to support the insistence of appellee that the July, 1940 dues, assessments or premiums were paid during the month of July, 1940.

The policies sued on were issued in lieu of two other policies, one of which had been in force and effect since 1920, the other since 1934. The new policies were delivered either on May 22nd or May 28th, 1940, but were effective as of May 1, 1940. On May 22, 1940, appellee paid a month's installment of $5.09, and took the official receipt of the clerk of Silverleaf Camp no. 988, of which appellee was a member. This receipt was marked "Paid to May 1st." On May 28th, 1940, appellee paid a month's assessment of $6.52, and took the official receipt of the clerk, marked on the top of this receipt was "May". On July 14, 1940, appellee paid another monthly assessment of $6.52, and the receipt was marked "June". On August 31, 1940, appellee paid two months' assessments amounting to $13.-04, and the official receipt was marked "July and August".

Appellee testified that he paid two months' assessments on August 31st, because the clerk would accept no less, claiming that he was in arrears for the month of February or March, 1940, but that he was not in arrears. The bill of exceptions recites: "Witness (we interpolate, appellee Eugene M. Barfoot) further testified: 'I was in town on that day, May 28th, 1940, and did not know that I would get back to town on the first of June, and the payment I made on May 28, 1940, was the June premium, and clerk Moseley marked it May, which was an error, and I did not notice this error until I got back home; he marked on the receipt May, when it should have been June.' This payment he made of May 28, 1940 was for the month of June, 1940, and he came back to Montgomery on July 14, 1940, and on that day he paid the clerk and got the following receipt: 'Official receipt, Woodmen of the World Silverleaf Camp, no. 988, Montgomery, Alabama, 7–14–1940, received of Sov. E. M. Barfoot, June, $6.52, J. A. Moseley, clerk.' This receipt should have been marked July, 1940 dues. 'I paid premiums on the policies during 1940 for thirteen months instead of twelve months; I had to carry money there four different times because they would not accept it. The plaintiff introduced in evidence the premium receipts thirteen months paid during 1940. The witness further testified that around the first of the year 1942, the matter came up that witness had made two payments in May, 1940, one for $5.09 on the 22nd day of May, and the other for $6.52 on the 28th day of May, and defendant's agent, Moseley, had been claiming that one of these payments was for March or February, 1940. The defendant's agent, Moseley, he walked in the office and looked at his books, and found where witness had already paid for February and March, 1940, before witness made any payments in May, 1940, and he, defendant's clerk, J. A. Moseley, says to witness: 'I would not have had this to happen, I will give you the $5.09, and clear up my records.' (Appellee:) 'I did not take the money.' The clerk said, 'I am sorry it happened. I don't know what to do, and just to show you I am right I will refund it.' "

Clearly, the foregoing evidence was sufficient to take the case to the jury on the question of whether or not the assessments due for the month of July, 1940, were paid during the month of July. Appellant was not due the general charge, and the cause is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.